RYAN STIBOR
Nevada Bar No. 8897
900 S. 4th St. #219
Las Vegas, NV  89101
Telephone:  (702) 386-0600
Facsimile:  (702) 446-8117
ryan@stiborgroup.com

*Attorneys for Jenery and Nancy Guion*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Chapter 13 |
| JENERY AND NANCY GUION, | Case No: 10-12421 |
| Debtor. | Hearing Date:  11/9/10<br>Hearing Time: 1:30 pm |
| | Location:  Foley Federal Building<br>Courtroom No. 3 |

### DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY AND/OR REQUEST FOR RENOTICING UNDER NRS 107.080 (AS REQUIRED UNDER NEVADA ASSEMBLY BILL 149 EFFECTIVE JULY 1, 2009)

Jenery and Nancy Guion, Debtor, by and through her attorney of record, Ryan Stibor, Esq. files this opposition to HSBC Bank USA National Assocation, as Trustee for WFHET 2006-2, Motion for Relief from Automatic Stay on the following grounds:

## I. STATEMENT OF FACTS

1.      On February 16, 2009, Debtor filed the current Chapter 13 Petition in Bankruptcy with the Court.

2.      Debtor is requesting to modify the terms of the mortgage loan secured by the property subject of the Movant's motion.

3.      Debtor cannot afford their current monthly mortgage payment due to increased family hardship including reduced work hours and family death.

4.      The asset securing Secured Debtor's claim is Debtors' primary residence and it is necessary for the Debtor's effective reorganization.

5.      Debtor also believes that Movant's motion was not filed by a "Real Party in Interest" pursuant to F.R.C.P. 17. F.R.B.P. 9014 incorporating Fed. R. Bankr. P. 7017; See *In re Wells*, No. 08-17639, 2009 WL 1872401, (Bankr. N.D. Ohio June 19, 2009); *In re Mitchell*, No. 07-16226-LBR, 2009 WL 1044368 (Bankr. D. Nev. March 31, 2009) (holding that MERS lacked standing to pursue stay relief when it could not show that it was either holder of the mortgage note or a transferee in possession of the note, as required by Nevada law to pursue a foreclosure); *In re Jacobsen*, 2009 WL 567188 (Bankr. W.D. Wash. 2009) (denying motion for stay relief because movant had not established either identity of holder of note or movant's authority to act on behalf of that party); *In re Hwang*, 396 B.R. 757 (Bankr. C.D. Cal. 2008); *In re Hayes*, 393 B.R. 259 (Bankr. D. Mass. 2008); *In re Prevo*, 394 B.R. 847 (Bankr. S.D. Tex. 2008); *In re Maisel*, 378 B.R. 19 (Bankr. D. Mass. 2007) (standing/ownership of Creditor); *In re Schwartz*, 366 B.R. 265 (Bankr. D. Mass. 2007).  Here, the Movant has failed to provide and establish that it is a "Real Party in Interest" because the Movant has not provided an assignment of a deed of trust naming it as a beneficiary.

6.      Accordingly, Debtor requests Movant's motion be denied.

7.      In the event this Court is inclined to grant Movant's request for relief from the automatic stay, the Debtor requests that Your Honor require Movant to renotice any pending foreclosure action under NRS 107.080 (as revised by Nevada Assembly Bill 149, effective July 1, 2009) by this Creditor to the extent applicable.

8.      Pursuant to NRS 107.082 if a foreclosure "sale has been postponed by oral proclamation three times, any new sale information must be provided by notice as provided in NRS 107.080." NRS 107.080 (as revised by Nevada Assembly Bill 149 effective July 1, 2009) requires Secured Creditor to provide Debtor a notice of election to enter into court mandated mediation.

WHEREFORE, Debtor requests:

1.      Movant's motion be denied

2.      Attorney's fees for opposing Secured Creditor's motions and representing Debtor in any future scheduled evidentiary hearing in the event Secured Creditor cannot establish proper standing or authority to bring the instant Motion for Relief;

3.      In the event Your Honor grants relief from stay, that Secured Creditor be required to renotice its foreclosure proceeding pursuant to Revised NRS 107.080 (as effective through Nevada AB 149, July 1, 2009), thus providing the Debtor an opportunity to elect court mandated

1          mediation in State Court; and/or

2      4.      Such other relief as the Court finds appropriate.

3

4      Dated this October 14, 2010.

5

6                                                  Respectfully,

7

8

9                                                  RYAN STIBOR
                                                   Nevada Bar No. 8897
10                                                 900 S. 4th St. #219
                                                   Las Vegas, NV 89101
11                                                 Attorneys for Debtor

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RYAN STIBOR
Nevada Bar No. 8897
900 S. 4th St. #219
Las Vegas, NV  89101
Telephone:  (702) 386-0600
Facsimile:   (702) 446-8117
ryan@stiborgroup.com

*Attorneys for Jenery and Nancy Guion*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

JENERY AND NANCY GUION,

        Debtor.

Chapter 13

 Case No: 10-12421

## <u>CERTIFICATE OF MAILING</u>

     I HEREBY CERTIFY that on the October 14, 2010, I served a true and correct copy of the foregoing OPPOSITION by depositing a copy in the United States Mail at Las Vegas, Nevada, certified mailing postage fully prepaid, addressed to:

Gregory Wilde
Wilde & Associates
212 South Jones Blvd.
Las Vegas, NV  89107

The following persons were served by electronic transmission:

BANKRUTPCY TRUSTEE
KATHLEEN LEAVITT
201 Las Vegas Blvd. So. #200
Las Vegas, NV 89101

US TRUSTEE OFFICE
300 Las Vegas Blvd., South Suite 4300
Las Vegas, Nevada 89101
USTPREGION17.LV.ECF@usdoj.gov